UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HAROLD EDWARD SPENCER, III, and<br>JON DEMETRIOUS JACQUES<br>MORGAN,<br><br>Defendants. | Criminal No. 2:22cr106 |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a Motion to Dismiss Count 13 of the Superseding Indictment (the "Motion") by Defendant Harold Edward Spencer, III ("Defendant Spencer"). ECF No. 101. On November 18, 2022, the Court issued an Order granting Defendant Jon Demetrious Jacques Morgan's ("Defendant Morgan") Motion to Adopt Defendant's Motions (ECF No. 104). Order, ECF No. 107. Therefore, Defendant Morgan is deemed to have adopted Defendant Spencer's Motion and the Court considers the Motion as to both Defendant Spencer and Defendant Morgan (collectively "Defendants").

The question before the Court is whether 18 U.S.C. § 922(g)(1), which prohibits felons from possessing firearms, is constitutional after the Supreme Court's recent decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022). Having fully considered the arguments and the materials before the Court, for the reasons stated below, the Court concludes that Section 922(g)(1) is constitutional, and the Motion (ECF No. 101) is **DENIED** as to both Defendants.

1

I.  **BACKGROUND**

On August 10, 2022, Defendants, along with three other co-defendants, were named in a fifteen-count Indictment. Indictment, ECF No. 1. Prior to the instant matter, both Defendants had been convicted of felonies.[1] Resp. Opp'n at 1–2, 4, ECF No. 105. On October 19, 2022, a thirteen count Superseding Indictment was filed as to Defendants Spencer and Morgan. Superseding Indictment, ECF No. 89. The Superseding Indictment charges Defendant Spencer with the following: Count 1 for Conspiracy to Interfere with Commerce by Means of Robbery in violation of 18 U.S.C. § 1951(a); Counts 2, 4, 6, 8, 10, 11, and 12 for Interfere and Attempted Interference with Commerce by Means of Robbery, in violation of 18 U.S.C. §§ 1951(a) and 2; Counts 3, 5, 7, and 9 for Using and Carrying a Firearm During and In Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A) and 2; and Count 13 for

---

[1] Defendant Spencer was convicted of Break and Enter, Grandy Larceny, and Felony Assault – Officer in 2005, at the age of 14. Pretrial Services Report at 3, ECF No. 27. In 2008, at the age of 17, he was convicted of Possession of Firearm by Felon. *Id.* In 2009, he was convicted of Fail to Appear on Misdemeanor Charge and Falsely Identify Self to Law Enforcement. *Id.* at 4. In August 2012, he was charged with Abduction, Robbery, Malicious Wounding, Use or Display Firearm in Commission of Felony. *Id.* at 5. He was convicted of Robbery and Use or Display Firearm in Commission of Felony and was sentenced to ten (10) years' incarceration (with eight (8) years suspended) for the Robbery and three (3) years' incarceration on the firearm charge. *Id.* As part of the robbery sentence, he was placed on indefinite supervised probation. *Id.* In addition to these charges for which he was found guilty, he has been charged with numerous other crimes, including for violations of firearms laws. *Id.* at 3–5.

Defendant Morgan was convicted of Robbery in September 2012 and was sentenced to ten (10) years' incarceration. Pretrial Services Bond Report at 4–5, ECF No. 48. He was released from prison in November 2021 and was arrested in connection with the armed robbery conspiracy alleged in this case four months later. Resp. Opp'n at 4, ECF No. 105. Like Defendant Spencer, Defendant Morgan has been charged with and found guilty of various crimes, including burglary, conspiracy to commit robbery, robbery, and possession of a firearm by a convicted felon. *Id.* at 3–7.

Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 981(a)(1)(C). *Id.* at 1. The Superseding Indictment charges Defendant Morgan with Counts 1, 12, and 13, as outlined above. *Id.*

On November 9, 2022, Defendant Spencer filed a Motion to Dismiss Count 13 of the Superseding Indictment. ECF No. 101. Defendant Morgan later adopted that Motion. Mot. to Adopt Def.'s Mots., ECF No. 14; Order, ECF No. 107. On November 17, 2022, the Government filed a Response in Opposition to the Motion. Resp. Opp'n, ECF No. 105. Neither Defendant submitted a reply. The Motion is now ripe for adjudication. The Court has determined that a hearing on the Motion is unnecessary, as the issues for decision are adequately presented in the briefs. *See* E.D. Va. Local Crim. R. 47(J).

## II.    LEGAL STANDARD

Under Federal Rule of Criminal Procedure 12, the Court should dismiss criminal charges in an indictment "where there is an infirmity of law in the prosecution," such as when the statute charged is unconstitutional. *United States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012); *see also United States of Am. v. Riley*, No. 1:22cr163, 2022 WL 7610264, at *3 (E.D. Va. Oct. 13, 2022) (citations omitted) (holding that an indictment, or part thereof, "may be dismissed on the grounds that it is premised on the defendant's alleged violation of an unconstitutional statute").

Here, Defendants' Motion is based on their assertion that Section 922(g)(1) is facially unconstitutional. "A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no

3

set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987).

### III. ANALYSIS

Defendants assert that Section 922(g)(1) is facially unconstitutional following the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022). Section 922(g)(1) provides in relevant part as follows: "It shall be unlawful for any person—(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm . . . ." 18 U.S.C. § 922(g)(1).

Defendants read *Bruen* to have transformed how a court addresses modern day gun control statutes by focusing entirely on the historical foundations of each challenged statute. *See* Mot. at 1–2, ECF No. 101. They argue that § 922(g)(1) must be held unconstitutional because it does not comport with the Framers' understanding of the Second Amendment and that therefore Count 13 of the Superseding Indictment (ECF No. 89) must be dismissed. *Id.* at 1. Defendants stress that *Bruen* supplanted the previous means-end balancing test for gun control statutes, with a new "text-and-history standard[,]" which requires the Government to show that the statute is "consistent with this Nation's historical tradition of firearm regulation." *Id.* at 4–5 (quoting *Bruen*, 142 S. Ct. at 2135, 2138). Defendants then argue that because there was no explicit historical tradition of barring felons from possessing firearms in 1791—the year Congress ratified the Second Amendment—Section 922(g)(1) does not pass

4

*Bruen* muster and therefore is unconstitutional. *Id.* at 8–14. Defendants also argue that this Court is not bound to the Supreme Court's assertion in *District of Columbia v. Heller*, 544 U.S. 570 (2008), that certain statutes, including felon in possession laws, are "presumptively lawful," because those comments are dicta and, in any case, stand discredited in the wake of *Bruen*. *Id.* at 14–17. Lastly, Defendants argue that even if felon disarmament were constitutional as to only persons with *violent* felony convictions, such a solution is impossible because Section 922(g) cannot be severed or reinterpreted to transform the wholesale felon ban into a more targeted law. *Id.* at 17–20.

The Government, in turn, argues that *Bruen* made no attempt to put felon gun possession laws in the crosshairs because the Court emphasized that its holding applied to gun laws pertaining to "law-abiding responsible citizens" and that felons retain no Second Amendment rights. Resp. Opp'n at 13–16, ECF No. 105. Additionally, because *Bruen* did not disturb the body of law related to non-law abiding citizens—and decisions that did not utilize the second "means-end scrutiny" step that *Bruen* put to rest—according to the Government, this Court should adhere to binding Fourth Circuit precedent, which has upheld the validity of felon gun possession laws, including § 922(g)(1). *Id.* at 10–13 (discussing *United States v. Moore*, 666 F.3d 313, 318 (4th Cir. 2012), and *United States v. Pruess*, 703 F.3d 242, 246 (4th Cir. 2012)). But even if *Bruen* were read broadly, the Government reasons that felon in possession laws comport with the plain text of the Second Amendment, because the words "the people" found therein have historically been understood not to include felons. *Id.* at

5

14–16. Moreover, the Government maintains that in applying the *Bruen* historical test to § 922(g)(1), the relevant history behind the adoption of the Second Amendment reveals a tradition of disarming individuals who pose a risk to society and that the Framers held this view. *Id.* at 16–21.

Notably, a court in this District has already carefully considered and denied each of the arguments set forth by Defendants in their Motion. *See United States v. Riley*, No. 1:22cr163, 2022 WL 7610264, at *6–13 (E.D. Va. Oct. 13, 2022). In *Riley*, the court first discussed the pre-*Bruen* approach to the Second Amendment. *Id.* at *7–8. Specifically, the court discussed the framework set forth in *District of Columbia v. Heller*, 544 U.S. 570 (2008), and noted that until recently, federal courts of appeals—including the Fourth Circuit—had coalesced around a 'two step' framework when assessing Second Amendment claims, combining a historical analysis with means-end scrutiny. *Id.* at *7; *see also Bruen*, 142 S. Ct. at 2125. Then, the *Riley* court reviewed relevant Fourth Circuit precedent which has rejected facial challenges to § 922(g)(1) under a streamlined version of this two-part test applicable to firearms restrictions enumerated as "presumptively lawful" under *Heller*. *Id.* at *8 (discussing, *inter alia, United States v. Moore*, 666 F.3d 313, 318 (4th Cir. 2012),[2] and *United*

---

[2] In *United States v. Moore*, 666 F.3d 313, 318 (4th Cir. 2012), the Fourth Circuit held that the two-step "analysis is more streamlined" in cases involving firearms regulations deemed "presumptively lawful" in *Heller*. *Id.* That is, a presumptively lawful regulation could not violate the Second Amendment unless it proscribed conduct "fall[ing] within the category of . . . 'law-abiding responsible citizens . . . us[ing] arms in defense of hearth and home.'" *Id.* at 319 (quoting *Heller*, 554 U.S. at 635). Among the firearms regulations specifically enumerated as "presumptively lawful" in *Heller* are the "longstanding prohibitions on the possession of firearms by felons." 554 U.S. at 626. In *Moore*, the defendant, a multi-time convicted felon, argued that the

6

*States v. Pruess*, 703 F.3d 242, 246 (4th Cir. 2012)[3]).

The *Riley* court then outlined the impact of *Bruen*—in short that the second step of the "two-step inquiry propagated by the *Heller* progeny" is eliminated and that "[g]oing forward, 'the government must affirmatively prove that its regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms.'" *Id.* (quoting *Bruen*, 142 S. Ct. at 2126). Contrary to the defendant's position in *Riley*—and that of Defendants here—the court in *Riley* concluded that "*Bruen* merely served to 'reiterate,' clarify, and 'keep with' *Heller*'s singular historical approach to assessing the constitutionality of a prohibition related to the right to keep and bear arms." *Id.* (quoting *Bruen*, 142 S. Ct. at 2129). "Because *Bruen* cautions it does not displace *Heller*, instead focusing only on those areas of analysis requiring emphasis and clarification, it does not backtrack on *Heller*'s upholding of statutes prohibiting possession of firearms by felons." *Id.* at *10 n.10. And "[a]rmed with this well-heeled reading of *Bruen*," the court in *Riley* "conclude[d] that the Fourth Circuit's decisions in *Moore* and *Pruess* remain good law and control the disposition of [the

---

presumptively lawful felon-in-possession prohibition under § 922(g)(1) is facially unconstitutional because it infringes on the basic right of self-defense. 666 F.3d at 316. The Fourth Circuit had "no difficulty" rejecting the defendant's challenge: "[s]ince clearly there are cases where felon firearm possession is constitutionally limited, § 922(g)(1) survives a facial challenge." *Id.* at 319. Under this streamlined analysis, the Fourth Circuit in *Moore* eschewed the application of the means-end scrutiny in reaching this result. *Id.*

[3] In *United States v. Pruess*, 703 F.3d 242, 246 (4th Cir. 2012), a case brought by an assertedly non-violent felon, the Fourth Circuit took up another challenge to the constitutionality of Section 922(g)(1) and reached the same outcome, "conclud[ing] without a full . . . analysis that [the defendant's] conduct lies outside the scope of the Second Amendment's protection." *Id.*

7

defendant's] motion to dismiss." *Id.* at *10. This is true because "the Fourth Circuit's binding authority on this topic did not reach its conclusion upholding the constitutionality of § 922(g)(1) by conducting a means-end analysis, but rather relied on the historical foundations of the regulation and on *Heller*'s dicta." *Id.* In *Riley* (and here), the defendant argued that lower courts "are not bound by dicta or separate opinions of the Supreme Court." *Id.*; Mot. at 15–16, ECF No. 101. But this Court "cannot simply override a legal pronouncement endorsed by a majority of the Supreme Court, particularly when the supposed dicta is recent and not enfeebled by later statements." *Hengle v. Treppa*, 19 F. 4th 324, 347 (4th Cir. 2021) (internal quotation marks and alterations omitted); *see also Manning v. Caldwell for City of Roanoke*, 930 F.3d 264, 282 (4th Cir. 2019) (highlighting the important of lower courts' reliance on dicta from the Supreme Court when "grappling with complex legal questions of first impression . . . so as to ensure the consistent and uniform development and application of the law").

Furthermore, before[4] and after[5] *Bruen*, no circuit or district court has held § 922(g)(1) unconstitutional as applied to a convicted felon. As articulated in *Riley*, "[t]his Court finds no ground to be the first." 2022 WL 7610264 at *13.

---

[4] *Riley*, 2022 WL *13 (citing *Zherka v. Garland*, No. 20cv07469, 593 F. Supp. 3d 73, 77–78, 2022 WL 865957, at *3 (S.D.N.Y. Mar. 23, 2022) (collecting pre-*Bruen* cases governed by *Heller* rejecting challenges to the constitutionality of § 922(g)(1) and noting that "[e]very circuit court to have considered a facial challenge . . . has rejected it")).

[5] "Relying on the same dicta in the wake of *Bruen*, at least nine federal district courts have rejected constitutional challenges to Section 922(g)(1)." *United States v. Price*, No. 2:22cr00097, 2022 WL 6968457, at *9 (S.D.W. Va. Oct. 12, 2022) (citing *United States v. Jackson*, No. 21cr51, 2022 WL 4226229 , at *2 (D. Minn. Sept. 13, 2022)

On this basis, other courts, including those in this circuit, have deemed it unnecessary to engage in the historical analysis test articulated in *Bruen* as to Section 922(g)(1). *See Price*, 2022 WL 6968457 at *9 (stating that "I am convinced that the Supreme Court left generally undisturbed the regulatory framework that keeps firearms out of the hands of dangerous felons through its decision in *Bruen* by reaffirming and adhering to its reasoning in *Heller* and *McDonald*" and therefore deeming it unnecessary to engage in the *Bruen* historical analysis test). This Court concurs that such an endeavor is unnecessary. However, in the interest of completeness, this Court hereby adopts the well-reasoned explanation articulated in *Riley*, which did engage in such a historical analysis. 2022 WL 7610264, at *10–13.

---

(upholding Section 922(g)(1) for similar reasons as those stated here and remarking that "[w]hile [the defendant] would like this Court to scrutinize the history of felon-in-possession statutes, such examination is unnecessary at this time."); *United States v. King*, No. 21cr255, 2022 WL 5240928 (S.D.N.Y. Oct. 6, 2022); *United States v. Charles*, No. MO:22cr154, 2022 WL 4913900 (W.D. Tex. Oct. 3, 2022); *United States v. Siddoway*, No. 1:21cr00205, 2022 WL 4482739 (D. Idaho Sept. 27, 2022); *United States v. Collette*, No. MO:22cr141, 2022 WL 4476790 (W.D. Tex. Sept. 25, 2022); *United States v. Coombes*, No. 22cr189, 2022 WL 4367056 (N.D. Okla. Sept. 21, 2022); *United States v. Hill*, No. 21cr107, 2022 WL 4361917 (S.D. Cal. Sept. 20, 2022); *United States v. Cockerham*, No. 5:21cr6, 2022 WL 4229314 (S.D. Miss. Sept. 13, 2022); *United States v. Burrell*, No. 21-20395, 2022 WL 4096865 (E.D. Mich. Sept. 7, 2022); *United States v. Ingram*, No. 0:18cr557, 2022 WL 3691350 (D.S.C. Aug. 25, 2022). Since *Price* gathered these decisions on October 12, 2022, more courts, including this District in *Riley*, have also considered and rejected facial constitutional challenges to § 922(g)(1). *See, e.g., Riley*, 2022 WL 7610264 (decided October 13, 2022); *Range v. Att'y Gen. United States*, 53 F.4th 262, 266 (3d Cir. 2022) (decided November 16, 2022).

9

## IV.  CONCLUSION

For the forgoing reasons, the Motion to Dismiss Count 13 of the Superseding Indictment (ECF No. 101) is **DENIED** as to both Defendants. The Clerk is **REQUESTED** to forward a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

December 12, 2022
Norfolk, Virginia